GARCIA RAINEY BLANK & BOWERBANK LLP
  A Limited Liability Partnership
JOHN E. BOWERBANK, Cal. Bar No. 211566
  ngarciaguillen@garciasullivanlopez.com
JEFFREY M. BLANK, Cal. Bar No. 217522
  jblank@garciasullivanlopez.com
NORMA V. GARCIA, Cal. Bar No. 223512
  ngarciaguillen@garciasullivanlopez.com
695 Town Center Drive, Suite 700
Costa Mesa, California  92626-1993
Telephone:  714.382.7000
Facsimile:   714.784.0031

Attorneys for Defendant
Five Pawns, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE ROBERT GREENE, SHAWN RANDALL THOMAS and JAMES HIRTZEL, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FIVE PAWNS, INC.<br><br>                    Defendant | Case No. 8:15-cv-01859-DOC-DFM<br><br>**DEFENDANT FIVE PAWNS, INC.'S NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:          March 21, 2016<br>Time:         8:30 a.m.<br>Courtroom:  9D<br>Judge:        Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 21, 2016 at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-entitled Court located at 411 West Fourth Street, Santa Ana, California 92701, Defendant Five Pawns, Inc. ("Five Pawns") will and hereby does move this Court for an order dismissing the First Amended Complaint ("FAC"), and each claim contained therein, filed by plaintiffs Duane Robert Greene, Shawn Randall Thomas, James Hirtzel, Anthony Swetala, and Dr. Sprague Simonds on behalf of themselves and all others similarly situated (collectively, "Plaintiffs").

This Motion is made pursuant to Rules 9(b), 12(b)(1), 12(b)(6), and 12(b)(e) of the Federal Rules of Civil Procedure ("FRCP"), and is based on the following grounds:

- Plaintiffs lack Article III standing to pursue their claims because, by failing to allege which, if any, of the alleged deceptive material, they saw or heard, before making their purchases, and what disclosures they relied upon or what omissions they would have relied upon had disclosure been made, Plaintiffs have not alleged a causal connection between their alleged injuries and Five Pawns' alleged deceptive conduct.

- Plaintiffs lack Article III standing to pursue their claims for injunctive relief because they allege they are aware of Five Pawns' alleged deceptive conduct and do not allege that they intend to purchase Five Pawns' products in the immediate future.

- The FAC is subject to Rule 9(b)'s heightened pleading standards and because Plaintiffs fail to allege actual reliance (required for statutory standing under the California and Indiana consumer protection statutes) and causation, for the reasons described above, or the other circumstances of fraud, including when certain alleged misrepresentations were made, with particularity, the FAC must be dismissed.

- Plaintiffs' claims based on omissions fail, as a matter of law, because Five Pawns owes no duty under the law to make disclosures concerning the presence of diacetyl ("DA") and acetyl propionyl ("AP") in its products, nor have Plaintiffs alleged any misrepresentations were made to them contrary to such alleged omissions.

- Plaintiffs' claims based on Five Pawns' affirmative statements fail, as a matter of law, because any such statements do not make a specific and measureable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.

- Plaintiffs' claims fail, as a matter of law, because Plaintiffs have not alleged conduct that would be "likely to deceive" the reasonable consumer.

- Plaintiffs' express warranty claim fails, as a matter of law, because Plaintiffs do not allege that they provided pre-litigation notice of the claim nor do they allege any of the elements of the claim with the requisite specificity.

- Plaintiffs' claims for disgorgement of profits fail, as a matter of law, because disgorgement of profits is not an available remedy under any of the claims asserted in the FAC.

- A more definite statement under FRCP 12(e) is appropriate if any claims remain because the unclear mass of allegations makes it difficult for Five Pawns to make informed responses to Plaintiffs' allegations.

This Motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, and all pleadings and papers on file in this action and upon such other matters and arguments as may be presented to the Court prior to and at the time of the hearing.

1        This Motion is made following the conference of counsel pursuant to Local

2   Rule 7-3, which took place on January 5, 2016.

3

4   DATED:  January 12, 2016

5                                       GARCIA RAINEY BLANK & BOWERBANK LLP

6

7                               By      /s/ John E. Bowerbank

8
                                            JOHN E. BOWERBANK
9                                           JEFFREY M. BLANK
                                            NORMA V. GARCIA
10                                          Attorneys for Defendant
11                                          Five Pawns, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28