GARCIA RAINEY BLANK & BOWERBANK LLP
A Limited Liability Partnership
JOHN E. BOWERBANK, Cal. Bar No. 211566
  ngarciaguillen@garciasullivanlopez.com
JEFFREY M. BLANK, Cal. Bar No. 217522
  jblank@garciasullivanlopez.com
NORMA V. GARCIA, Cal. Bar No. 223512
  ngarciaguillen@garciasullivanlopez.com
695 Town Center Drive, Suite 700
Costa Mesa, California 92626-1993
Telephone:  714.382.7000
Facsimile:  714.784.0031

Attorneys for Defendant
Five Pawns, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE ROBERT GREENE, SHAWN RANDALL THOMAS and JAMES HIRTZEL, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>        v.<br><br>FIVE PAWNS, INC.<br><br>              Defendant | Case No. 8:15-cv-01859-DOC-DFM<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT FIVE PAWNS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:        March 21, 2016<br>Time:       8:30 a.m.<br>Courtroom: 9D<br>Judge:      Hon. David O. Carter |

# [PROPOSED] ORDER

Defendant Five Pawns, Inc.'s ("Five Pawns") Motion to Dismiss Plaintiffs Duane Robert Greene, Shawn Randall Thomas, James Hirtzel, Anthony Swetala, and Dr. Sprague Simonds on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") First Amended Complaint ("FAC") came on regularly for hearing on Monday, March 21, 2016, at 8:30 a.m. in Courtroom 9D of the above-entitled Court.

After considering the moving, opposition, and reply papers, arguments of counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT the motion is GRANTED. Plaintiff's FAC is dismissed on the following grounds:

First, Plaintiffs lack Article III standing, requiring dismissal of the FAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("FRCP") 12(b)(1). Plaintiffs failed to allege the required causation between their alleged injuries and the alleged acts of Five Pawns. Further, Plaintiffs lack Article III standing to pursue injunctive relief because Plaintiffs have alleged awareness of Five Pawns' alleged deceptive activity and have failed to allege any intention to purchase Five Pawns' products in the immediate future.

Second, dismissal of the FAC is required under FRCP 9(b), which is applicable to all of Plaintiffs' claims and allegations because such claims are based on fraud or rely on fraudulent conduct. Plaintiffs have not alleged actual reliance, which is required for statutory standing under the California and Indiana consumer protection statutes and incorporated into the elements of the claims, or causation, which is required under the New York and Vermont consumer protection statutes, or any of the other circumstances of fraud, with the particularity required by FRCP 9(b).

Plaintiffs failed to allege what allegedly deceptive statements they saw or heard; which ones, if any, they found material; when they saw or heard the allegedly deceptive statements; or what statements, if any, they each relied on in making their purchasing decisions. Nor does the FAC contain any allegations concerning what, if any, of the alleged omitted information, each Plaintiff would have seen before making his purchase if such information was disclosed, and how each Plaintiff would have acted differently if he had seen or heard such information.

Further, Plaintiffs failed to allege facts sufficient to state a claim under any of the consumer protection laws of the states of California, Indiana, New York, or Vermont. Specifically, Plaintiffs have failed to allege reliance and causation, which are incorporated into the elements of the statutes based on statutory standing requirements. Further, the claims must be dismissed to the extent they are based on omissions because Plaintiffs failed to allege facts showing that Five Pawns owes any duty under any statute or regulation to disclose whether diacetyl or acetyl propionyl is in any of its products or that Five Pawns made any representations to Plaintiffs contrary to such omissions. The claims must be dismissed to the extent they are based on affirmative misrepresentations, because the alleged misrepresentations do not make a specific and measureable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact. Additionally, Plaintiffs fail to allege facts showing that Five Pawns made a false or misleading statement likely to deceive a reasonable consumer.

For these reasons, the *First Claim* for violation of California's Consumer Legal Remedies Act, the *Second Claim* for violation of California's Unfair Competition Law, including the claims under the unfair and unlawful prongs which are premised on the other failed claims, the *Third Claim* for violation of California's False Advertising Law ("FAL"), the Fourth Claim for violation of Indiana's Deceptive Consumer Sales Act, the Fifth Claim for violation of New York's

General Business Law, and the *Sixth Claim* for violation of Vermont's Consumer Protection Act are DISMISSED WITH PREJUDICE.

Plaintiffs' seventh Claim for Breach Of Express Warranty fails to state a claim because Plaintiffs fail to plead any notice of the alleged breach of warranty was provided to Defendant, and (2) Plaintiffs fail to allege any of the elements of their express warranty claim with the particularity required by Rule 9(b). For these reasons, the *Seventh Claim* for Breach of Express Warranty is DISMISSED WITH PREJUDICE.

Finally, Plaintiffs' request for disgorgement of profits fails because such relief is not authorized under any of Plaintiffs' claims. For this reason, Plaintiffs' claims for disgorgement of profits are DISMISSED.

Because all claims have been dismissed, Five Pawns' request for a more definite statement under FRCP 12(e) is moot.

IT IS SO ORDERED.

Dated: _____     _____
                                    Hon. David O. Carter
                                    United States District Judge