1  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
2  RACHELE R. RICKERT (190634)
   rickert@whafh.com
3  BRITTANY N. DEJONG (258766)
   dejong@whafh.com
4  **WOLF HALDENSTEIN ADLER**
       **FREEMAN & HERZ LLP**
5  750 B Street, Suite 2770
   San Diego, CA 92101
6  Telephone:   619/239-4599
   Facsimile: 619/234-4599
7
   JANINE L. POLLACK (*pro hac vice*)
8  pollack@whafh.com
   MICHAEL JAFFE (*pro hac vice*)
9  jaffe@whafh.com
   GLORIA KUI MELWANI (*pro hac vice*)
10 melwani@whafh.com
   **WOLF HALDENSTEIN ADLER**
11     **FREEMAN & HERZ LLP**
   270 Madison Avenue
12 New York, New York 10016
   Telephone:  212/545-4600
13 Facsimile:  212/545-4653

14 [additional counsel on signature page]

15          UNITED STATES DISTRICT COURT
      CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

16 DUANE ROBERT GREENE, SHAWN          )   Case No. 8:15-cv-01859-DOC-DFM
17 RANDALL THOMAS, JAMES               )
   HIRTZEL, ANTHONY SWETALA, and       )
18 SPRAGUE SIMONDS on behalf of        )   **PLAINTIFFS' NOTICE OF**
                                       )   **RECENT AUTHORITY**
19 themselves and all others similarly )   **REGARDING PENDING**
   situated,                           )   **MOTION TO**
20                                     )   **DISMISS**
                                       )
21              Plaintiffs,            )
                                       )
22           v.                        )   Date:   March 21, 2016
                                       )
23 FIVE PAWNS, INC.,                   )   Time:  8:30 a.m.
                                       )
24                                     )   Courtroom:  9D
              Defendant.               )
25                                     )   Judge:  Hon. David O. Carter
                                       )
26 ───────────────────────────────────)
27
28

1    Plaintiffs herein submit the following recent authority, which is relevant to
2    their opposition to the pending motion to dismiss for the following reasons:

3        **1.    *Hodsdon v. Mars, Inc.*, Case No. 15-cv-04450-RS, 2016 Dist.**
4            **LEXIS 19268, at \*14-24 (N.D. Cal. Feb. 27, 2016) ("*Hodsdon*")**
5            **(attached hereto as Exhibit A).**

6    *Hodsdon*, consistent with this Court's recent decision in *Wirth v. Mars, Inc.*,
7    No. SA CV 15-1470-DOC (KES), 2016 U.S. Dist. LEXIS 14552, at \*7-17 (C.D.
8    Cal. Feb. 5, 2016), cited by Defendant in its reply brief in support of its motion to
9    dismiss,[1] interprets Ninth Circuit authority as limiting a manufacturer's disclosure
10   obligations under the California consumer protection statutes to *safety concerns*
11   when omissions (as opposed to misrepresentations) are alleged.[2]

12       To avoid any confusion of the issues, Plaintiffs' claims here are based on
13   Defendant's failure to disclose the presence and significant safety concerns relating
14   to its products.[3]    *Plaintiffs do not pursue any cause of action based on*
15   *misrepresentations.*

16       In addition, *Hodsdon* held that a plaintiff satisfies Article III standing if the
17   plaintiff alleges that he would not have purchased a product or paid as much for it
18   "if he had known the truth."  *Id.* at \*11 (citations omitted). "'[T]he extra money
19   paid . . . is economic injury and affords the consumer standing to sue.'" *Id.* at \* 9
20   (citing *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013)).  Defendant

21   _____

22   [1]    ECF No. 24 at 10, 22-24 (filed March 7, 2016).

23   [2]    In its reply, Defendant cites *Williams v. Yamaha Motor Corp., U.S.A.*, 106
24   F. Supp. 3d 1101, 1108 (C.D. Cal. 2015), in support of a rule requiring allegations
     of a "design defect" whenever a "safety issue" is alleged. ECF No. 24 at 23.
25   However, obviously when a misrepresentation or omission does not concern a
26   product defect, a defect need not be alleged.  *Williams* relied on *Wilson v. Hewlett-*
     *Packard Co.*, 668 F.3d 1136 (9th Cir. 2012).  Both *Wilson* and *Williams* were
27   *defect* cases.

28   [3]    ECF No. 23 at 8, 17-18 (filed February 22, 2016).

argues that Plaintiffs have not alleged standing because there is no allegation "pertaining to the awareness of the alleged omitted information,"[4] and, similarly, that Plaintiffs have not alleged reliance and causation with sufficient particularity.[5] However, it is alleged that Plaintiffs viewed the labeling of Defendant's products and that they would have been aware of the information if it was disclosed and not have purchased Defendant's products or paid as much for them.[6] Those allegations satisfy both Article III standing and Rule 9(b) under the applicable case law.

> **2.** ***Balser v. The Hain Celestial Group, Inc.***, **No. 14-55074 (9th Cir. Feb. 22, 2016) ("*Balser*") (memorandum) (attached hereto as Exhibit B).**

In *Balser*, the Court held that claims brought under the consumer protection statutes of California and other states[7] were pled with sufficient particularity under the Federal Rules of Civil Procedure Rule 9(b), where the plaintiffs had identified what they claimed to be misleading (packaging on a product that falsely indicated it was "natural") as well as their reliance and harm (the plaintiffs would not have paid the same amount for the product if they had known the truth). *Id.* at *2-3. The *Balser* Court noted that "whether a business practice is deceptive, misleading or unfair is ordinarily a question of fact to be decided by a jury," and that even a complete ingredient list on the package or on the manufacturer's website does not correct a misrepresentation on a product's label as a matter of law. *Id.* at *4.

Here, the First Amended Complaint identifies exactly what was misleading

---

[4] ECF No. 24 at 14.

[5] *Id.* at 16-18.

[6] ECF No. 13 at ¶¶ 26-31, 125, 134, 145-146, 158, 167.

[7] In its opinion in *Balser*, the Ninth Circuit did not identify the consumer statutes that it was addressing. The underlying complaint in *Balser* can be found on the Ninth Circuit's docket, Case 2:13-cv-05604-R-RZ (September 30, 2013), Docket No. 18.

- 2 -

(the absence of any mention of two dangerous substances on product labeling),[8] as well as Plaintiffs' reliance and harm (Plaintiffs viewed the packages that omitted the presence and significant health risks of DA and AP and would not have paid as much for Defendant's products or purchased them at all if the omitted information had been provided).[9]   Moreover, the disclosure of the levels of the allegedly dangerous substances on Defendants' website (many months after Defendant's testing, and with no warnings as to any dangers)[10] does not serve to correct the omission as a matter of law.

DATED: March 15, 2016

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:   /s/ Rachele R. Rickert
RACHELE R. RICKERT

BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
BRITTANY N. DEJONG
dejong@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
JANINE L. POLLACK (*pro hac vice*)
pollack@whafh.com
MICHAEL JAFFE (*pro hac vice*)
jaffe@whafh.com
GLORIA KUI MELWANI (*pro hac vice*)
melwani@whafh.com
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4653

---

[8]   ECF No. 13 at ¶¶ 62, 65 (filed December 14, 2015).

[9]   *Id.* at ¶¶ 18, 112, 125, 145, 158, 167, 176.

[10]   *Id.* at ¶¶ 51, 70-71, 74.

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANDERSEN SLEATER LLC**
JESSICA J. SLEATER (*pro hac vice*)
jessica@andersensleater.com
1345 Avenue of the Americas
2nd Floor, Suite 2100
New York, New York 10105
Telephone: 212/878-3697

*Counsel for Plaintiffs Duane Robert Greene,*
*Shawn Randall Thomas, James Hirtzel,*
*Anthony Swetala and Dr. Sprague Simonds*

785887