BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile: 619/234-4599

JANINE L. POLLACK (*pro hac vice*)
pollack@whafh.com
MICHAEL JAFFE (*pro hac vice*)
jaffe@whafh.com
GLORIA KUI MELWANI (*pro hac vice*)
melwani@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4653

*Attorneys for Plaintiffs*
[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| DUANE ROBERT GREENE, SHAWN RANDALL THOMAS, JAMES HIRTZEL, ANTHONY SWETALA, and SPRAGUE SIMONDS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FIVE PAWNS, INC., <br><br> Defendant. | Case No. 8:15-cv-01859-DOC-DFM <br><br> **JOINT STIPULATION RE DISMISSAL** <br> **Fed. R. Civ. P. 41(a)(1)(ii)** <br><br> Courtroom:  9D <br><br> Judge:   Hon. David O. Carter |

## STIPULATION RE DISMISSAL

Plaintiffs Duane Robert Greene, Shawn Randall Thomas, James Hirtzel, Anthony Swetala, and Dr. Sprague Simonds on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") and Defendant Five Pawns, Inc. ("Defendant")(Plaintiffs and Defendant shall collectively be referred to as "the Parties"), by and through their attorneys of record, hereby stipulate and agree to the following:

WHEREAS, Plaintiffs Duane Robert Greene, Shawn Randall Thomas, and James Hirtzel, individually and on behalf of themselves and all others similarly situated filed this action on November 11, 2015.

WHEREAS, on December 14, 2015, a First Amended Complaint was filed, which, among other things, added two named plaintiffs, Anthony Swetala and Dr. Sprague Simonds.

WHEREAS, following an April 18, 2016 order by the Court, which granted, in part, Five Pawns' motion to dismiss the First Amended Complaint, Plaintiffs, on May 9, 2016, filed a Second Amended Complaint, which asserts claims for 1) Cal. Consumers Legal Remedies Act, (2) Cal. Unfair Competition Law, (3) Cal. False Advertising Law, (4) Indiana Deceptive Consumer Sales Act, (5) N.Y. Gen. Bus. Law, and (6) Vermont Consumer Protection Act.

WHEREAS, the Parties have reached an agreement ("Settlement Agreement") resolving the individual claims asserted by Plaintiffs in this lawsuit.

WHEREAS, as a material term of the Settlement Agreement, Plaintiffs have agreed to dismiss the entire action, with their individual claims being dismissed with prejudice and the class allegations being dismissed without prejudice.

WHEREAS, Fed. R. Civ. P. 41(a)(1)(A)(ii) allows a plaintiff to voluntarily dismiss an action without court order by filing a stipulation of dismissal signed by all parties who have appeared. *See Duke Energy Trading & Mktg. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2011)(explaining that voluntary dismissal under Rule 41(a)(1)(A) "requires no action on the part of the court").

WHEREAS, no motion for class certification has been filed and no class has been certified.

WHEREAS, this dismissal will cause no prejudice to absent putative class because the Settlement Agreement binds only the individual class representatives and does not release the class claims.

WHEREAS, Fed. R. Civ. P. 41(a)(1)(A) is expressly subject to the 2003 modifications of Fed. R. Civ. P. 23(e) which eliminated any need for Court approval or notice to the putative class when a class representative voluntarily dismisses class allegations before a class has been certified:

Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims [Citation.] The new rule requires approval *only* if the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise. Subdivision (e)(1)(B)

- 2 -

1
2
3
4

> carries forward the notice requirement of present Rule 23(e) when the
> settlement binds the class through claim or issue preclusion; notice is
> not required when the settlement binds only the *individual* class
> representatives.

5
6
7
8
9
10
11
12
13
14
15
16
17

Committee Notes on Rules—2003 Amendment (emphasis added); *see also Physicians Healthsource, Inc. v. Reliant Techs.*, 2013 U.S. Dist. LEXIS 82058, *3 (N.D. Cal. June 11, 2013) ("The language makes it clear that Rule 23(e) applies only to cases in which a class has been certified. Accordingly, court approval is not needed for voluntary dismissal of this action pursuant to Rule 41 (a)(1)(A)(ii)."); *Jackson v. Innovative Sec Servs.*, LLC, 283 F.R.D. 13, 15 (D.D.C. 2012) ("The purpose of Rule 23(e) is to protect the rights of nonparty members of the class…However, this matter was never certified pursuant to Rule 23(b)(2). As such, plaintiffs' request for dismissal of the class action is appropriate under Federal Rule 41(a)(1)."); *Wynn v. Nat'l Broad Co.*, No. CV00-11248-SVW(RZX), 2002 WL 31681865, at *1 (C.D. Cal. Mar. 6, 2002 (dismissing action under Rule 41(a)(1)(A) because "no approval is required by the Court pursuant to Rule 23(e), since there is no certified class action at this point.").

18
19
20
21
22

> IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN the parties hereto, through their attorneys of record, that for all the foregoing reasons, this action shall be dismissed with Plaintiffs' individual claims dismissed with prejudice and the class allegations dismissed without prejudice.

23
24
25
26
27
28

DATED: April 3, 2017

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:    */s/ Rachele R. Rickert*
            RACHELE R. RICKERT

BETSY C. MANIFOLD
manifold@whafh.com

- 3 -

1   RACHELE R. RICKERT
    rickert@whafh.com
2   BRITTANY N. DEJONG
    dejong@whafh.com
3   750 B Street, Suite 2770
    San Diego, CA 92101
    Telephone:  619/239-4599
4   Facsimile:   619/234-4599

5   **WOLF HALDENSTEIN ADLER**
      **FREEMAN & HERZ LLP**
6   JANINE L. POLLACK (*pro hac vice*)
    pollack@whafh.com
7   MICHAEL JAFFE (*pro hac vice*)
    jaffe@whafh.com
8   GLORIA KUI MELWANI (*pro hac vice*)
    melwani@whafh.com
9   270 Madison Avenue
    New York, New York 10016
10  Telephone:  212/545-4600
    Facsimile:   212/545-4653
11
    **ANDERSEN SLEATER LLC**
12  JESSICA J. SLEATER (*pro hac vice*)
    jessica@andersensleater.com
13  1345 Avenue of the Americas
    2nd Floor, Suite 2100
14  New York, New York 10105
    Telephone: 212/878-3697
15
    *Counsel for Plaintiffs*
16

17  DATED: April 3, 2017

18
                       GARCIA RAINEY BLANK & BOWERBANK LLP
19

20          By:    */s/ John E. Bowerbank*
21          _____

22                 JOHN E. BOWERBANK
                   JEFFREY M. BLANK
23                 NORMA V. GARCIA
                   Attorneys for Defendant
24                 Five Pawns, Inc.

25

26

27

28
                              - 4 -

1

**ATTESTATION REGARDING SIGNATURES**

2

3     I, Rachele R. Rickert, attest that all signatories listed, and on whose behalf

the filing is submitted, concur in the filing's content and have authorized the filing.

4

5     DATED:  April 3, 2017

6

7

8                                              By:     */s/ Rachele R. Rickert*
                                                        RACHELE R. RICKERT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26     792024

27

28
                                              - 5 -